# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. O'CONNELL,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case: No. 1:11-cv-00512-GBC (PC)<br><br>ORDER DENYING MOTION TO STAY ACTION<br>(Doc. 22)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br>(Doc. 1)<br><br>ORDER DENYING ALL PENDING MOTIONS AS MOOT<br>(Docs. 15, 16, 20, 21) |

## I.     Factual and Procedural Background

Kevin P. O'Connell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 27, 2011, Plaintiff filed the original complaint. (Doc. 1). On February 25, 2011, Plaintiff filed his first amended complaint. (Doc. 6). On the form complaint, Plaintiff conceded that he had not exhausted administrative remedies claiming that his claims had been screened out and he should be exempted from the exhaustion requirement due to immediate health needs. (Doc. 6 at 2). On July 29, 2011, Plaintiff filed a motion to stay the action due to the fact that he recently realized that his administrative grievance was actually being heard at the final level. (Doc. 22).

## II.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

1  confined in any jail, prison, or other correctional facility until such administrative remedies as are
2  available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
3  administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney*
4  *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without
5  prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164,
6  1170 (9th Cir. 2005).

7        Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532
8  U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner "must use all steps the prison holds out, enabling
9  the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009);
10  *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to
11  non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42
12  U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

13        The Court takes judicial notice of the fact that the California Department of Corrections and
14  Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.
15  15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a).
16  Four levels of appeal are involved, including the informal level, first formal level, second formal
17  level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. Appeals must
18  be submitted within fifteen working days of the event being appealed, and the process is initiated by
19  submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.*
20  at §§ 3084.5, 3084.6(c).

21        In order to satisfy section 1997e(a), California state prisoners are required to use the available
22  process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378,
23  2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and
24  . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435
25  U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet
26  federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting
27  *Booth*, 532 U.S. at 739 n.5). In this instance, Plaintiff conceded that he has not exhausted
28  administrative remedies and has motioned the court to stay the action until his administrative

remedies are exhausted.  Since the Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending, *Lira v. Herrera*, 427 F.3d 1164, 1170, Plaintiff's motion to stay is DENIED and Plaintiff's action is DISMISSED without prejudice.

### III.     Conclusion and Order

Because it is apparent that Plaintiff has not completed the grievance process, the Court HEREBY ORDERS:

1. Plaintiff's motion to stay action is DENIED (Doc. 22);
2. Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to exhaust; and
3. All pending motions in this action are DENIED AS MOOT (Docs. 15, 16, 20, 21).

IT IS SO ORDERED.

Dated:     August 1, 2011                                          UNITED STATES MAGISTRATE JUDGE